[No. 2394.  Decided November 30, 1896.]

BESSIE HENDRICKS *et al., Appellants,* v. J. K. EDMISTON, *et al., Respondents.*

NOTICE OF APPEAL — SUFFICIENCY OF SERVICE — DEED — DELIVERY IN
ESCROW — WAIVER OF CONDITIONS — ESTOPPEL.

A notice of appeal, which is directed to all the parties appearing in the action, and duly served upon the attorneys appearing for them, is sufficient, although but one attorney may appear for several parties, and such attorney be served with but one copy of the notice.

A finding that the conditions upon which a deed had been placed in escrow has been complied with is warranted, when it appears that the condition was solely for the benefit of the grantee and could be waived by him, and that he had waived such condition by taking the deed and placing it of record.

Where one holding the legal title to land participates in a conveyance thereof made by her grantor to a subsequent grantee, she is estopped from setting up her title as against such subsequent grantee, although he knew the property had been transferred to her, when it appears that she had no beneficial interest in the property, as it had been conveyed to her merely for the purpose of putting it out of the reach of creditors of her grantor.

Appeal from Superior Court, King County.— Hon. J. W. LANGLEY, Judge.  Affirmed.

*C. W. Corliss, C. S. Preston,* and *Fred H. Peterson,* for appellants.

*Hastings & Stedman, Burke, Shepard & McGilvra,* and *Strudwick & Peters (Herbert W. Huntley,* of counsel), for respondents.

The opinion of the court was delivered by

HOYT, C. J.—Respondents have moved to dismiss. Their motion is founded upon the alleged fact that all of the parties who appeared in the action were not served with notice of appeal.  It appears, however,

that the parties, who it is claimed were not served, appeared in the action by the same attorneys as other parties, and that notice of appeal, directed to all of the parties who appeared, was duly served upon such attorneys. This was sufficient.

Motion denied.

Prior to 1890, Seymour Wetmore was the owner of the property described in plaintiff's complaint. Thereafter he executed a bond, in which he bound himself to convey said property to J. K. Edmiston, upon the performance by him of the conditions set out in the bond. To foreclose the rights of said Edmiston and those holding under him under this bond, this action was brought by the plaintiffs, who claimed to have acquired the legal title to the property by a warranty deed from said Seymour Wetmore to plaintiff Bessie Hendricks. Upon the answers of the defendants and the reply thereto by the plaintiffs, material issues were raised as to the effect of the deed from Seymour Wetmore to Bessie Hendricks, and as to whether or not the conditions of the bond for a deed had been complied with by said Edmiston and the property deeded to him by the said Wetmore. Other questions incidental to these were also raised, but the findings of the trial court in reference thereto were so fully supported by the testimony that it is not necessary to say more than that such findings must be taken as true for the purpose of determining the rights of the parties.

As to these two main questions of fact the trial court found that the deed from Wetmore to Bessie Hendricks, under which plaintiffs claim, was executed without consideration and for an illegal purpose. It also found that Edmiston had complied with the conditions

of the bond and that, upon such compliance, Wetmore had made such a conveyance as to vest in him the full legal title to the property. Upon the latter question the undisputed proof showed that there had been an arrangement entered into between Wetmore and Edmiston in which it was agreed that Edmiston should make certain promissory notes to Wetmore; that said notes should be accepted in full payment of the amount then due upon the bond; that by reason of such payment Wetmore was to comply with the requirements of the bond and convey the legal title to the property to Edmiston. There was also evidence tending to show that this arrangement had been fully carried out by the delivery of the notes to Wetmore and of the necessary conveyance to Edmiston. This evidence was contradicted by that introduced on the part of the plaintiffs, which tended to show that the arrangement was not completed; that the notes and deed were placed in escrow and had never been delivered. Three witnesses offered by the plaintiffs testified to facts which tended to show that the papers were at the time of their execution placed in escrow so as not to take effect until certain conditions had been complied with; but their testimony did not agree as to the conditions upon which the instruments were to become operative. One of them testified to facts tending to show that they were not to be effective until some arrangement had been made as to the title of the plaintiff Bessie Hendricks. The others testified to facts tending to show that they were to be effective when the title conveyed by the deed to Edmiston had been approved by his attorney. And the court was justified in finding the latter condition to have been the one agreed upon, and, if it was, the condition was solely for the benefit of Edmiston and

could be waived by him, and was waived when he took the deed and placed it upon record.  Taking all the evidence into consideration, the trial court rightfully found that the transaction in question was fully completed, and that the title which Wetmore had in the property at the date of the transaction thereby became vested in Edmiston.

This brings us to a consideration of the claim of title of the plaintiffs under the deed from Wetmore to plaintiff Bessie Hendricks.  It is conceded that this deed was executed and placed on record before the date of the transaction which resulted in the deed from Wetmore to Edmiston.  If it conveyed title which the plaintiffs were in a situation to assert against that conveyed by the deed to Edmiston, Wetmore, at the date of the latter deed, had nothing to convey, and the plaintiffs at the date of the commencement of the action were the owners of the property.  The deed to plaintiff Bessie Hendricks covered other property than that the title to which is involved in this action, and the testimony tended to show that the deed was first made out for the purpose of conveying only such other property, and that after it had been so made out it was changed to cover the property in question for the purpose of placing the apparent title thereto in the plaintiff Bessie Hendricks, so that it would not be affected by certain proceedings against Wetmore, and not for the purpose of vesting the title in the grantee for her own benefit.  The testimony upon this question was not as full as it might have been, but when the circumstances are taken into consideration, that of the plaintiff Bessie Hendricks alone was sufficient to warrant the court in finding as it did upon this question. Her testimony as to the transactions immediately connected with the execution of the deed, taken in

connection with what was proven as to her conduct at the time of the alleged settlement of the bond matter between Wetmore and Edmiston, sufficiently showed that she took title to the property in question not for her own benefit but to preserve it for Wetmore. The practically undisputed testimony as to the transactions connected with such settlement was that the plaintiff J. K. Hendricks, who was the husband of the plaintiff Bessie Hendricks, was fully authorized to act for her in everything connected with the transaction; that he fully understood the terms and conditions of this settlement; that he was consulted with about it and actively participated therein; that he accepted a portion of the proceeds of such settlement. Such testimony established beyond question the fact that the plaintiff J. K. Hendricks had such connection with all the transactions, which resulted in the conveyance of the title by Wetmore to Edmiston, that he could not be heard to question the title thus conveyed. And his wife for whom he was acting was also bound by what was then done.

But it is not necessary, to conclude her, to hold that she was bound by the action of her husband, for the reason that there was testimony which directly connected her with the transaction. The largest of the notes which were given by Edmiston to Wetmore was, by said Wetmore, endorsed to her and by her own hand endorsed in blank. It also appeared that this note was deposited in bank as the property of J. K. Hendricks and Bessie Hendricks, and that certain payments thereon were made to J. K. Hendricks. These facts, when taken in connection with the other circumstances proven, were sufficient to show that Bessie Hendricks, as well as J. K. Hendricks, was an active party to the transaction which culminated in

the conveyance of the title by Wetmore to Edmiston.

But it is contended on the part of the appellants that, even if she was, she is not thereby prevented from asserting title to the property, for. the reason that Edmiston at the time of the transaction knew that the property had been conveyed by Wetmore to her. If she had had any real interest in the title conveyed to her by Wetmore, it might be true that she would not be estopped from asserting it by reason of her consent to the conveyance to Edmiston; but, in view of the fact that she had no beneficial title, it is but fair to presume that all of the parties acted upon the fact, which was then known to them, that Wetmore was the real owner of the property; and, if they did so act, none of them are now in a position to deny that a conveyance by him passed a good title.

A careful examination of the entire record satisfies us that the findings of fact by the trial court were justified by the evidence and that such findings justified the legal conclusions founded thereon.

The decree will be affirmed.

Scott and Anders, JJ., concur.

Gordon, J., not sitting.